**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORWOOD PRICE,<br><br>       Plaintiff - Appellant,<br><br>  v.<br><br>LOS ANGELES COUNTY; et al.,<br><br>       Defendants - Appellees,<br><br>  And<br><br>LOS ANGELES COUNTY SOCIAL<br>SERVICES DEPARTMENT; et al.,<br><br>       Defendants. | No. 13-55359<br><br>D.C. No. 2:10-cv-05754-GAF-JC<br><br>MEMORANDUM* |
| MARGARET PRICE,<br><br>       Plaintiff,<br><br>  And<br><br>NORWOOD PRICE,<br><br>       Plaintiff - Appellant, | No. 13-55829<br><br>D.C. No. 2:10-cv-05754-GAF-JC |

---

     *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

                                    v.

LOS ANGELES COUNTY SOCIAL
SERVICES DEPARTMENT,

                    Defendant,

   And

LOS ANGELES COUNTY; et al.,

                    Defendants - Appellees.

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted February 12, 2015[**]
Pasadena, California

Before: CALLAHAN, WATFORD, and OWENS, Circuit Judges.

Norwood Price, a retired attorney proceeding pro se, lived with and took

care of his elderly mother, Margaret Price. When Margaret was hospitalized in

June 2009, her frailty, dementia, and bedsores raised concerns as to the adequacy

of Norwood's care. Sasha Lala, a social worker, was assigned her case. Through

meetings with Margaret's caregivers and officials, Lala prompted the issuance of

an emergency protective order prohibiting Norwood from removing Margaret from

---

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

her nursing facility.  Over Norwood's objection a conservator was appointed. Eventually Norwood regained conservatorship of Margaret on the condition that he not remove her from the nursing home.  Norwood then sued Lala and the other officials involved with the care of his mother, claiming that they had violated his constitutional rights.  After some discovery, the district court granted summary judgment for the defendants.  Norwood eventually appealed from the denial of his untimely Rule 59 motion and from the denial of his motion to re-tax costs.  We affirm, as Norwood has failed to show that the district court abused its discretion in denying his untimely Rule 59 motion or in denying the motion to re-tax costs.[1]

**1.**  A motion for a new trial pursuant to Federal Rule of Civil Procedure 59 "must be filed no later than 28 days after the entry of judgment."  Fed. R. Civ. P. 59(b).  Norwood's Rule 59 motion was one day late.  The 28-day filing period is mandatory and jurisdictional.  12 James Wm. Moore et al*., Moore's Federal Practice*, ¶ 59.11[1][a] (3d ed. 2014).  An untimely Rule 59 motion may be treated as a motion under Rule 60, but it does not stay the time for appealing the underlying judgment.  Fed. R. Civ. P. 60(c)(2) ("The motion does not affect the judgment's finality or suspend its operation.").  Accordingly, Norwood's notice of

---

[1]  We have fully considered Norwood's motion to unseal documents and the materials attached to the motion.  The motion to unseal documents is denied.

3

appeal filed after the district court denied his untimely Rule 59 motion as a Rule 60 motion does not challenge the district court's prior final judgment.

**2.** We review the denial of a Rule 60 motion for reconsideration for abuse of discretion. *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). Here, the district court reasonably determined that regardless of Norwood's claims of restricted discovery and misstatements by Lala and others, Margaret's medical condition and the contemporary records show that Lala and others were reasonably concerned with Norwood's care of Margaret. Even if we accept Norwood's assertions that there are some questions as to what some individuals said to Lala on particular occasions, the evidence clearly rebuts his assertion that she committed the tort of interfering with his familial relationship. The untimely Rule 59 motion was properly denied.

**3.** We recognize a presumption in favor of awarding costs to the prevailing party, and the standard for reviewing an award is abuse of discretion. *See Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014). As Norwood's motion to re-tax was based on claims of restricted discovery and misstatements by the defendants that the district court had previously rejected, the district court's denial of the motion to re-tax costs was not an abuse of discretion.

The district court's denial of Norwood's untimely Rule 59 motion and its denial of his motion to re-tax costs are **AFFIRMED**.